
FILED
DEC 29 2016
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CARMEN L. McFERRIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED SPECIALTY INSURANCE COMPANY, a Foreign Corporation, BISHOP BARRY, a Professional Law Corporation, ANDREW A. GOODE, REBECCA B. AHERNE and PARKER, HEITZ & COSGROVE, PPLC, a Professional Limited Liability Company,<br><br>Defendants. | CV 16-146-BLG-SPW-TJC<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO STAY BRIEFING** |

Presently before the Court is Plaintiff's Motion to Stay Briefing and Any Ruling on Defendants' Motions to Dismiss. (Doc. 40.) Defendants have filed an opposition (Doc. 42), and Plaintiff has replied. (Doc. 43.) Having considered the parties' submissions, Plaintiff's motion is **GRANTED in part**, as set forth below.

On September 26, 2016, this action was removed to the United States District Court for the District of Montana by Defendant Parker, Heitz & Cosgrove ("Parker").[1] (Doc. 1.) Subsequently, Plaintiff filed two separate Motions to

---

[1] On October 12, 2016 Defendants United Specialty Insurance Company ("USIC"), Bishop Barry, Andrew A. Goode ("Goode"), and Rebecca B. Aherne ("Aherne") filed a Notice of

Remand (Docs. 4 and 21), Defendant Parker filed a Motion to Dismiss for Failure to State a Claim (Doc. 6), Defendants Bishop Barry, Goode, and Aherne filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 35), and Defendant USIC filed a Motion to Dismiss for Failure to State a Claim. (Doc. 38.) Defendants have also filed a Motion for Leave to file a Sur-Reply Brief relating to Plaintiff's second Motion to Remand (Doc. 32), and Defendant Parker filed a Motion for Judicial Notice that is associated with its Motion to Dismiss for Failure to State a Claim. (Doc. 8.)

Both of Plaintiff's Motions to Remand, Defendant Parker's Motion to Dismiss, and the related Motion for Judicial Notice, are fully briefed and ripe for the Court's review. (*See* Docs. 16, 20, 24, 27, 30, 31, 19, and 29.) Briefing is not complete on Defendants Bishop Barry, Goode, and Aherne's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, Defendant USIC's Motion to Dismiss for Failure to State a Claim, or Defendants' Motion to file a Sur-Reply.

Plaintiff requests the Court stay all outstanding briefing and ruling on any issues other than remand. (Doc. 40, 41.) Defendants concede that the Court should decide the Motions to Remand first, but argue the Court should allow briefing to proceed on their Motions to Dismiss and Motion to File a Sur-Reply. (Doc. 42.) Defendants also argue the Court should decide Defendant Bishop

---

Removal and Joinder in Parker's Notice of Removal. (Doc. 12.)

Barry, Goode, and Aherne's Motion to Dismiss, as well as Defendant Parker's Motion for Judicial Notice, and their Motion to File a Sur-Reply, because those motions do not address the merits. (Doc. 42.)

The Court declines to enter a formal stay of any ruling on the fully briefed motions in this action. Nevertheless, the Court agrees with the parties that the Motions to Remand should be addressed first, and thereupon finds good cause to suspend briefing on Defendants Bishop Barry, Goode, and Aherne's Motion to Dismiss and Defendant USIC's Motion to Dismiss, until after the Motions to Remand are decided. The Court finds suspending completion of briefing on these two motions promotes the interests of judicial economy, as well as conserves the parties' resources. Further, the Court does not find Defendants will be prejudiced by temporarily delaying briefing on the motions until after the Court has resolved whether this action should be remanded to state court.

With regard to Defendants' Motion to File a Sur-Reply, however, the Court will require briefing to proceed because the motion relates to Plaintiff's second Motion to Remand. The Court notes that Plaintiff failed to oppose Defendants' Motion to File a Sur-Reply within the time set forth by the Local Rules. Typically, this failure would be deemed an admission that the motion is well-taken. *See* L.R. 7.1(d)(1)(B)(ii). But given that Plaintiff filed the instant Motion to Stay prior to

her opposition deadline, the Court finds good cause to briefly extend the time for Plaintiff to oppose.

Accordingly, IT IS ORDERED:

1. No further briefing on Defendants Bishop Barry, Goode, and Aherne's Motion to Dismiss (Doc. 35), or Defendant USIC's Motion to Dismiss (Doc. 38), shall be required until after the Court issues a ruling on Plaintiff's Motions to Remand. The Court will issue a briefing schedule for the Motions to Dismiss following resolution of the Motions to Remand, if necessary.

2. If Plaintiff wishes to oppose Defendants' Motion to File a Sur-Reply Brief relating to Plaintiff's second Motion to Remand (Doc. 32), the opposition shall be filed no later than **January 6, 2017**. Defendants may file a Reply by **January 13, 2017**.

3. The Court will address the fully briefed motions in this action in due course.

DATED this 29th day of December, 2016.

TIMOTHY J. CAVAN
United States Magistrate Judge